**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCOTT FLEMING<br>204 Jasmine Lane<br>Newark, DE 19702 | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK) | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | NO. |

## COMPLAINT

1. The plaintiff herein is Scott Fleming, a citizen and resident of the state of Delaware, residing therein at 204 Jasmine Lane, Newark, Delaware 19702.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a car repairman.

8. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the incident herein referred to, plaintiff has suffered a loss of earnings and may suffer the same for an indefinite time in the future; has undergone physical pain and mental anguish and may undergo the same for an indefinite time in the future; may have to expend large sums of money in the future in an effort to effect a cure of his injuries, , and was unable to attend to his usual duties and occupation for a period of time; all to his great detriment and loss.

10. The incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act" and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about Thursday, October 7, 2021 at approximately 1:00 p.m. and for some time prior thereto, plaintiff was employed by defendant Amtrak as a car repairman and and was attending a meeting of the entire Track 29 work gang at the Bear Car Shop in Bear, Delaware.

12. As part of his assigned work and duties, plaintiff was required to attend the Track 29 gang meeting which was also attended by other employees as well as by then foreman Maurice Ward, union representative Chris Thomas, and supervisors Paul Malascalza and Ed Dennis.

13. During the meeting, then foreman Maurice Ward grabbed the plaintiff around the torso and lifted him up in the air thereby causing the serious injuries set forth below.

14. Prior to grabbing the plaintiff, then foreman Maurice Ward had engaged in a conversation with the plaintiff which indicated to the other supervisors present that then foreman Maurice Ward was about o physically grab and lift the plaintiff.

15. As a result of the negligence of the defendant, its agents, servants, workmen, supervisors and/or employees, including, but not limited to, failing to interject and prevent then foreman Maurice Ward from physically grabbing and lifting the plaintiff; failing to adhere to the Amtrak Code of Conduct concerning employee behavior, failing to restrain then foreman Maurice Ward from grabbing and lifting the plaintiff; and failing to warn the plaintiff that he was about to be grabbed and picked up by another employee; the plaintiff sustained injuries to his thoracic spine as particularly set forth below.

16. As a result of the aforesaid incident, plaintiff sustained serious and permanent injuries to his thoracic spine including, but not limited to, thoracic spinal sprain and strain, aggravation of thoracic scoliosis and thoracic spinal dysfunction. Plaintiff may require additional treatment, injections and/or surgery and the full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum not in excess of One Hundred Fifty Thousand Dollars ($150,000.00) and further requests that this matter be placed into federal arbitration.

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

BY: _____
MICHAEL J. OLLEY, ESQUIRE
LAWRENCE A. KATZ, ESQUIRE
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800 (phone)
Attorneys for Plaintiff

Dated: July 26, 2022